UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DDML HOLDINGS LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00331-MPB-KMB |
| DAVID R. HENNESSY, VICKIE R. YASER, | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING JOINT MOTION TO STAY DISCOVERY**

Presently pending before the Court is the Parties' Joint Motion to Stay Discovery. [Dkt. 25.] For the reasons explained below, the Parties' request is **DENIED**.

**I.  BACKGROUND**

Plaintiff DDML Holdings LLC brings this lawsuit against Defendants David R. Hennessy and Vickie R. Yaser, alleging that their refusal to release a *Lis Pendens* Notice from a residential property after losing a previous lawsuit amounted to conversion, theft, and fraud under Indiana law. [Dkt. 1.] The Defendants have responded to the Complaint with a Motion to Dismiss for Failure to State a Claim, arguing that the factual allegations in the Complaint do not meet the statutory elements for conversion, theft, or fraud. [Dkt. 12.] The Plaintiff opposes the Motion to Dismiss, arguing that granting dismissal would "require[] inferences to be made in favor of Defendants rather than in favor of DDML." [Dkt. 17 at 1.] No reply brief was filed.

In the Joint Motion to Stay Discovery, the Parties argue that the Court should stay discovery because all Parties consent to a stay, the Motion to Dismiss if granted in full would completely resolve the case, the stay would reduce the burden of litigation on the Parties, the lawsuit is still in its early stages, and the Case Management Plan currently sets expedited deadlines. [Dkt. 25.]

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See*, *e.g.*, *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted).

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013)). District courts have "extremely broad discretion" in weighing these factors in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221, at *1. "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors*, 2016 WL 1731328, at *2-3. Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

"A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where requested discovery is unlikely to produce facts necessary to defeat the

motion." *Soares v. Meeks*, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021) (cleaned up). The Court considers three factors when assessing a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. 2023).

### III.  DISCUSSION

The Court is not persuaded that a stay of discovery is warranted in this case. The Defendants' Motion to Dismiss raises no threshold issues for which stays are often granted, such as standing, jurisdiction, or arbitrability. The Parties argue that the Motion to Dismiss will completely resolve the case if granted in full; however, that is true of many such motions and does not overcome the presumption against issuing a stay. *See Red Barn Motors, Inc.*, 2016 WL 1731328, at *3.

The Court disagrees with the Parties' characterization that this dispute is "in its early stages." [Dkt. 25 at 2.] To the contrary, this real estate dispute has been going on since 2018. It has been litigated in three separate lawsuits by various parties in both state and federal court. *See Nat'l Asset Consultant LLC v. Midwest Holdings-Indianapolis, LLC, et al.*, 1:18-cv-1616-JRS-DML (United States District Court for the Southern District of Indiana), *aff'd*, 2022 WL 2187557 (7th Cir. June 16, 2022); *Hennessey et al. v. Midwest Holdings LLC*, Indiana Cause No. 49D05-1801-PL-3746 (Marion Superior Court); *DDML Holdings LLC v. Hennessy, et al.*, 1:24-cv-331-MPB-KMB (current case). The previous lawsuit in this District went on for three years and required 267 docket entries to reach final judgment. Staying discovery would further delay resolution of the dispute surrounding this real estate and would do little to "secure the just, speedy,

and inexpensive determination" of this proceeding as the Federal Rules of Civil Procedure require. *See* Fed. R. Civ. P. 1.

Finally, the Court addresses the Parties' argument that the Case Management Plan deadlines are expedited and that "the case ultimately may not stray too far from the suggested standard deadlines" were the Court to stay discovery pending a ruling on the Motion to Dismiss. [Dkt. 25 at 3.] The Court adopted many of the original deadlines proposed by the Parties, and the dispositive motion deadline is a mere seven days earlier than the deadline set forth in this District's Uniform Case Management Plan. [Dkt. 16 at 6.] The deadline for liability discovery is still more than four months away, and nothing in the record suggests that the Parties will not be able to meet it. Should they not be able to do so, perhaps the Court would entertain a reasonable deadline extension request, but a reasonable extension request and an outright discovery stay are two very different things.

For all the reasons set forth herein, the Joint Motion to Stay is **DENIED**. [Dkt. 25.] This ruling should not come as a surprise to the Parties given the Court's statements at the last Telephonic Status Conference. [*See* dkt. 24 at 1 ("Counsel reported that initial disclosures have been exchanged but there has been little additional discovery progress because of the pending motion to dismiss. The Court reminded counsel that there are case management deadlines in place, and that there has been no discovery stay requested. The Court also reminded counsel that even if requested, it is not guaranteed that a discovery stay would be granted in this case.").]

### IV.  CONCLUSION

In the lyrics of an aptly titled song, the band Imagine Dragons asks, "It's time to begin, isn't it?" *See* Imagine Dragons, *It's Time*, *on* NIGHT VISIONS (Interscope Records 2012). For the reasons set forth herein, the Court answers that question for the Parties in this case with a clear, "Yes."

It's time for them to move forward with discovery and bring this dispute to a close one way or another.  Thus, the Parties' Joint Motion to Stay is **DENIED**.  [Dkt. 25.]

    **So ORDERED**.

Date: 7/11/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email