UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DDML HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00331-MPB-KMB |
| | ) | |
| DAVID R. HENNESSY, | ) | |
| VICKIE R. YASER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

On July 11, 2024, the Court issued an Order Denying the Parties' Joint Motion to Stay Discovery.  [Dkt. 26.]  As the Court explained in that Order, the circumstances presented by the Parties and this case are not the type that warrant a discovery stay.  [*Id*.]  Plaintiff DDML Holdings LLC ("DDML") has now filed a Motion to Reconsider.  [Dkt. 27.]  The Defendants have not filed a response, and the time to do so has passed.  For the reasons detailed below, the Court **DENIES** DDML's Motion to Reconsider.  [Dkt. 27.]

DDML's motion is governed by Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case.  *See* Fed. R. Civ. Pro. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  Motions to reconsider "'serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. Mar. 25, 2024) (quoting *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009)).  The motion is to be used "where the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Eli Lilly*, 2024 WL 1285713, at \*3 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). That said, motion practice is not supposed to be an "exercise in trial and error" or a game of "maybe-maybe not" where a party can withhold arguments from the first motion and present them later if the motion fails. *Eli Lilly*, 2024 WL 1285713, at \*3.

In its Motion to Reconsider, DDML completely ignores the legal standard that applies to motions to reconsider. [Dkt. 27 (citing no law).] DDML also continues to ignore the extensive amount of authority previously cited by the Court regarding when motions to stay are granted in federal court. [Dkt. 26.] Rather, DDML asks the Court to reconsider its decision denying the discovery stay request because DDML thinks that the Court "misapprehends the age of 'this dispute.'" [*Id.* at 1.] Specifically, DDML emphasizes that it "has not been litigating this case since 2018 in three separate lawsuits." [*Id.*]

As was apparent from its prior decision, the Court understood that DDML filed this federal case in February 2024 and that DDML was not a party to the various lawsuits about this real estate dispute that have been litigated in state and federal court since 2018. [*See* dkt. 26 at 3-4 (citing the various cases and noting that the dispute "has been litigated in three separate lawsuits *by various parties* in both state and federal court") (emphasis added)).] But as the Court emphasized at the last status conference and again in its decision denying the Parties' stay request, "courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at \*3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 WL 690613, at \*2 (N.D. Ill. Feb. 20, 2013)). "Filing a motion to dismiss does not automatically stay discovery," and as a

2

general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity."  *Red Barn Motors*, 2016 WL 1731328, at *2-3.

The circumstances this case presents do not warrant a discovery stay for the reasons the Court detailed at length in its previous decision denying the Parties' request for a stay.  [Dkt. 26.] DDML's Motion to Reconsider completely ignores the Court's extensive rationale for that conclusion, the applicable law, and the legal basis for a motion to reconsider.  [Dkt. 27.]

In its prior decision, the undersigned directed the Parties to an aptly titled song by the band Imagine Dragons and instructed them that it was time to begin discovery.  [*See* dkt. 27 at 4-5 ("In the lyrics of an aptly titled song, the band Imagine Dragons asks, 'It's time to begin, isn't it?' *See* Imagine Dragons, *It's Time*, *on* NIGHT VISIONS (Interscope Records 2012).  For the reasons set forth herein, the Court answers that question for the Parties in this case with a clear, 'Yes.'").] The undersigned genuinely appreciates DDML's reference to a responsive lyric in its Motion to Reconsider.  [*See* dkt. 27 ("The lyric from the band Imagine Dragons that best illuminates this issue is 'first things first.'") (referencing Imagine Dragons, *Believer*, *on* EVOLVE (Interscope Records 2017)).]  However, having again considered the issue and reached the same conclusion, the undersigned ends this lyrical banter with another directive for the Parties to move forward with discovery and makes the following observation:  "My patience is waning.  Is this entertaining?" *See* Imagine Dragons, *Bones*, *on* MERCURY – ACTS 1 & 2 (Interscope Records 2022).

For the reasons detailed herein, DDML's Motion to Reconsider is **DENIED**.  [Dkt. 27.]

**So ORDERED**.

Date: 8/8/2024

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via the Court's CM/ECF system